811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James WILKENS; Kathyrn Wilkens, Plaintiffs-Appellants,
v.
Roberta STEINBACHER, Donald McConnell, Arturo Presus, Joan
Hammond, Douglas Ball, Virginia Milligan, William
Sykes, Robert Merkel, Defendants-Appellees.
 No. 86-3252.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1986.
 
 Before JONES and RYAN, Circuit Judges; PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The appellants, James and Kathyrn Wilkens, are appealing the February 18, 1986, judgment of the district court dismissing the action because it was barred by the one year statute of limitations applicable to 42 U.S.C. Sec. 1983 actions in Ohio. Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 106 S.Ct. 2902-03 (1986).
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant was terminated from his position as a management analyst with the Ohio Bureau of Employment in October of 1983. He filed this action on October 31, 1985, seeking recovery under 42 U.S.C. Sec. 1983 for his economic losses as well as for damages to his mental and physical health caused by his termination from employment. In addition, Wilken's former wife, Kathryn Wilkens, asserts a separate claim for loss of consortium because the stress placed upon Wilkens was so great so as to force her to seek a divorce.
 
 
 4
 The appellees moved to dismiss the action for failure to state a claim because the appellant, James Wilkens, had accepted the sum of $8,368.85 in consideration for his execution of a full release of all claims and covenant not to sue. In addition, the appellees sought sanctions pursuant to Federal Rules of Civil Procedure 11. In a supplemental memorandum the appellees also moved to dismiss because the action was barred by Ohio's statute of limitations. Ohio Rev.Code Ann. Sec. 2305.11.
 
 
 5
 The district court dismissed the action on the statute of limitations' ground and held that the appellants' attorney could have reasonably believed that the action was not barred by the terms of the release and declined to award Rule 11 sanctions.
 
 
 6
 For the reasons stated in the district court opinion, we affirm the decision of the district court.
 
 
 7
 Accordingly, it is ORDERED that the final judgment of the district court is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.